A Superior Court jury convicted the defendant of assault and battery on a correctional facility employee, in violation of G. L. c. 127, § 38B(b ). Prior to trial, the defendant moved to suppress his statements, contending they were elicited in violation of Miranda v. Arizona, 384 U.S. 436 (1966). After an evidentiary hearing, the motion judge denied the defendant's motion, finding that the defendant was not subject to express questioning or its functional equivalent while in custody. On appeal, the defendant argues that the motion judge erred in denying his motion to suppress. We affirm.
Background. "[W]e accept the judge's subsidiary findings of fact absent clear error ...." Commonwealth v. Gomes, 453 Mass. 506, 508-509 (2009) (quotation omitted). On April 3, 2015, the defendant was an inmate at the Hampshire County house of correction. While inside his cell, the defendant began banging on his cell door. Sergeant Christopher Wall heard the banging and turned to observe the defendant's cell from his position in a control room. Wall saw Officer Daniel Healey in the open doorway of the defendant's cell and then saw Officer Healey's head jolt backwards. Fearing that Healey had been physically attacked, Wall ran to the defendant's cell. When he arrived, Wall observed Healey holding the defendant down so that the defendant was on his knees facing his mattress with both of his arms restrained.
When he saw Healey restraining the defendant, Wall exclaimed, "[W]hat happened?" As Healey started to place handcuffs on the defendant, Healey responded by stating, "[H]e just hit [me]." The defendant responded immediately after Healey, shouting, "I only hit him because I needed my meds." After being alerted to the situation, the shift supervisor, Captain Mark Davies, went to the defendant's cell. As Davies arrived, he heard the defendant screaming while Healey and Wall attempted to restrain him. Davies asked the defendant, "[W]hat the heck is going on here?" The defendant responded that he struck Healey because he did not get his medication. In an attempt to calm the defendant and deescalate the situation, Davies ordered the other officers to leave the defendant's cell, and he removed the handcuffs from the defendant's wrists. Davies then asked the defendant, "[W]hat the heck happened?" The defendant again admitted to hitting Healey. Following their conversation, the defendant spontaneously started to yell to other inmates that he punched Healey because he did not get his medication. The defendant never received Miranda warnings.
The defendant moved to suppress his statements made to Wall, Davies, and the other inmates while he was in custody. After hearing testimony from Wall and Davies, the judge credited their testimony.[2] The motion judge denied the defendant's motion to suppress because she found that the defendant was never subject to interrogation.
Discussion. The motion judge correctly found, and the Commonwealth properly concedes, that the defendant was in custody at the time he made all inculpatory statements. See Commonwealth v. Larkin, 429 Mass. 426, 435 (1999) (prisoner is in custody for Miranda purposes if, in totality of circumstances, "the prisoner would reasonably believe himself to be in custody beyond that imposed by the confines of ordinary prison life" [quotation omitted] ). However, our inquiry does not end with the judge's finding regarding custody. Miranda warnings are required only when "a person in custody is subjected to either express questioning or its functional equivalent." Commonwealth v. Torres, 424 Mass. 792, 797 (1997), quoting from Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980). "The 'functional equivalence' test does not turn on the subjective intent of the particular police officer but on an objective assessment as to whether the police statements and conduct would be perceived as interrogation by a reasonable person in the same circumstances." Ibid., quoting from United States v. Taylor, 985 F.2d 3, 7 (1st Cir.), cert. denied, 508 U.S. 944 (1993).
The motion judge credited Wall's testimony that his statement, "[W]hat happened?" was generally directed toward both Healey and the defendant. The defendant contends that because Wall's statement was directed in part to the defendant, the statement must be considered a question in the constitutional sense. However, as noted above, the functional equivalence test does not turn on the subjective intent of the particular law enforcement official, but on an objective assessment. See ibid; Commonwealth v. D'Entrement, 36 Mass. App. Ct. 474, 479 (1994).
Here, we agree with the motion judge that the exchange of remarks between Wall and the defendant cannot objectively be characterized as interrogation. Based on Wall's credited testimony, Wall's statement was neither confrontational nor aggressive; it was merely a reflexive exclamation to a surprising situation, and the motion judge properly categorized it as rhetorical rather than intended to elicit an incriminating response. Compare Commonwealth v. Coleman, 49 Mass. App. Ct. 150, 155 (2000) (questioning was "aggressive and persistent," and substance of conversation was harsh and of type normally associated with arrest and custody). The motion judge did not err in finding that the defendant's attempt to explain his actions after Healey gave a version of the events was not the result of any interrogation from Wall. Accordingly, the defendant failed to meet his burden to show that his statement to Wall was the product of interrogation.
Similarly, the defendant's statements made to Davies were also not the result of interrogation or its functional equivalent under the circumstances. We agree with the motion judge that Davies's statements made to the defendant and other correction officers would be perceived as an attempt to restore calm, prevent any further violence, and stabilize the situation. There is nothing in this record that would require us to disturb the judge's findings that Davies's statements were not objectively designed to elicit an incriminating response from the defendant and thus, the defendant's statements did not require suppression.[3] See Commonwealth v. Byrd, 52 Mass. App. Ct. 642, 649 (2001).
If a statement is spontaneous and unprovoked, or is volunteered by a defendant without improper probing questioning, then it is not the product of interrogation. See Commonwealth v. Koumaris, 440 Mass. 405, 408-410 (2003). According to Davies's credited testimony, the defendant began yelling to other inmates spontaneously and without prompting after his restraints were removed. Because these statements were made freely and voluntarily, the protections afforded by the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights were not implicated. See Commonwealth v. Brum, 438 Mass. 103, 115 (2002). In sum, there was no error in the denial of the defendant's motion to suppress and the subsequent admission of that evidence at trial.
Judgment affirmed.

Healey testified at trial, but did not testify during the motion to suppress hearings.

We recognize, as did the motion judge, that the statements made by Davies to the defendant after Davies cleared the other officers from the defendant's cell present a closer issue. However, where the defendant reiterated the same statement multiple times without prompting, and there was direct evidence of the defendant's guilt independent of the defendant's statements to Davies, any error would have been harmless beyond a reasonable doubt. See Commonwealth v. Ghee, 414 Mass. 313, 318 (1993). See also Commonwealth v. Colby, 422 Mass. 414, 418-419 (1996).